UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RONA HERTZNER,

                            Plaintiff,                **ORDER**
                                                                                CV 05-2371 (DRH)(ARL)

       -against-

UNITED STATES POSTAL SERVICE, JOHN
E. POTTER, Postmaster General, RICHARD
KITSON, in his official and individual capacity,
and JEFF SMITH, in his official and individual
capacity,
                            Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter, dated October 26, 2005 seeking a ninety-day extension of time to serve defendant Jeff Smith with the summons and complaint. The other defendants have been served with the summons and complaint, as well as with the instant application and the court has not received opposition to the plaintiff's request.

      Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a copy of the summons and complaint on all defendants within 120 days of the filing of the complaint and that the failure to do so may result in the dismissal of the action as against any defendant who has not been timely served. Fed. R. Civ. P. 4(m). However, Rule 4(m) also provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Id. In addition, the court may extend a plaintiff's time for service where it finds a discretionary extension to be appropriate. See Reese v. University of Rochester, CV 04-6117(FE), 2005 WL 1458632 (W.D.N.Y. June 20, 2005) (citing Eastern Refractories Company, Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503 (S.D.N.Y. 1999). "In order to establish good cause for failure to effect service in a timely manner, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." Reese, 2005 WL 1458632, *1, (quoting Spinale v. United States, 2005 WL 659150, *3 (S.D.N.Y. 2005)).

      Here, the court finds that the plaintiff has demonstrated good cause for her failure to timely effect personal service on defendant Smith. The complaint was filed with the court on May 17, 2005, thus requiring service to be completed by September 14, 2005. Plaintiff has supported her application with an affidavit from her process server, Lougliste Joseph, who details his repeated efforts beginning on July 19, 2005 to personally serve defendant Smith. Mr. Joseph recounts that on at least thirteen occasions he attempted personal service upon defendant Smith but was unsuccessful. The affidavit reveals that the plaintiff has been unable to locate defendant Smith at his home address or at any other location. Accordingly, given Mr. Joseph's diligent attempts to personally serve defendant Smith, there is good cause to extend the plaintiff's time to

serve defendant Smith.  The plaintiff's application is **GRANTED** and plaintiff's time to serve defendant Smith is extended to February 3, 2006.

Dated: Central Islip, New York **SO ORDERED**
November 4, 2005

/s/
_____
ARLENE R. LINDSAY
United States Magistrate Judge