UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RONA HERTZNER,

                        Plaintiff,

- against -

UNITED STATES POSTAL SERVICE,
JOHN E. POTTER, POSTMASTER GENERAL,
RICHARD KITSON, and JEFF SMITH,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM & ORDER**
On Motion to Dismiss (doc. #18)
**05-cv-2371** (DRH) (ARL)

**APPEARANCES:**

*For the Plaintiff*:
Law Office of Frederick K. Brewington
50 Clinton Street, Suite 501
Hempstead, NY  11550
    **By:** **Frederick K. Brewington, Esq.**

*For Defendants United States Postal Service and John E. Potter, Postmaster General*:
United States Attorneys Office,
Eastern District of New York
610 Federal Plaza
Central Islip, NY  11722
    **By:** **James Halleron Knapp, Esq.**

**HURLEY, Senior District Judge:**

Plaintiff Rona Hertzner ("Plaintiff" or "Hertzner") brings a complaint of employment discrimination, retaliation and hostile work environment based on gender, religion, disability, and perceived sexual orientation against Defendants United States Postal Service ("USPS" or "Postal

-1-

Service"), Postmaster General John E. Potter ("Potter"), Richard Kitson, Postmaster of the Farmingdale, New York post office ("Kitson"), and Jeff Smith, a Senior Labor Relations Specialist with the Postal Service ("Smith"). The Complaint states four causes of action: a Title VII cause of action, an American with Disabilities Act cause of action, a constitutional cause of action for violations of the First, Fifth and Fourteenth Amendments, and a § 1983 cause of action for municipal violations. Defendants USPS and Potter (the "Moving Defendants") move to dismiss Plaintiff's Complaint in its entirety claiming (1) improper service pursuant to Federal Rule of Civil Procedure 12(b)(5),and (2) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(5). For the reasons stated, *infra*, Moving Defendants' Motion to Dismiss is GRANTED.

**I. BACKGROUND**

On a motion for dismissal, a court must accept as true all facts alleged in a plaintiff's complaint and must draw all inferences in favor of the plaintiff. *See Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (citing *Todd v. Exxon Corp.*, 275 F.3d 191, 197 (2d Cir. 2001)). Thus, this summary of facts is based on the Plaintiff's Amended Complaint (doc. #2).

In January 1987, Plaintiff Hertzner began working for the Postal Service at its Farmingdale, New York facility. There, Plaintiff alleges she was harassed, humiliated, degraded, and intimidated, by co-workers because of her religion (Judaism), gender (female) and perceived sexual orientation (homosexual). Plaintiff complained of this treatment to her supervisors and the Postal Service's Equal Employment Office to no avail. Her exposure to this treatment caused Plaintiff to develop "Major Depression Recurrent, Post Traumatic Stress Disorder" (Pl.'s Am.

Compl. at ¶ 18). Eventually, "[b]ecause of the extreme hostile work environment, Plaintiffs [*sic*] mental health situation deteriorated, forcing Plaintiff to take an unpaid medical leave of absence in or about April 1999." (*Id.* at ¶ 20.)

In early June 2001, Plaintiff was notified by letter of Defendant Kitson that she was the successful bidder for a position in the Farmingdale post office. This June 6th letter also advised Hertzner that she was "'required to submit medical documentation showing that [she was] able to return to full duty within six (6) months.'" (*Id.* at ¶ 21.) While the Amended Complaint indicates Plaintiff responded to Kitson's letter on June 10, 2001, it does not indicate the contents of the response letter. (*See id.*) Yet, for reasons not made known to the Court, Kitson advised Plaintiff–in a letter dated June 15, 2001–that her acceptance letter was "deemed unacceptable". (*Id.*) In a follow-up letter dated June 19, 2001, "Kitson notified Plaintiff of his proposal to separate Plaintiff from her employment with Defendant USPS because she had been out on medical leave for more than one year." (*Id.* at ¶ 22.) Thereafter, on July 11, 2001, through her then-attorney, Plaintiff sent Kitson a letter stating that she could return to work if the Postal Service could provide a "workplace free from sexual harassment and gender and/or sexually motivated or infused humor and comments." (*Id.*). In response, on July 23, 2001, Kitson sent a letter stating the Postal Service's no-tolerance policy, but not indicating a plan of accommodation for Plaintiff's disability. (*See id.* at ¶ 23). Hertzner contacted Kitson on August 10, 2001, to advise him that she had changed physicians and that her new psychiatrist needed additional time to perform a full evaluation of Hertzner before being able to advise her to return to work. Shortly thereafter, on August 14, 2001, Kitson decided to separate Plaintiff from her employment with the USPS.

In January 2003, Plaintiff filed a Charge of Discrimination Case against the Defendants with the Postal Service's Equal Employment Opportunity office. Plaintiff received a Notice of Right to Sue Within 90 Days on February 16, 2005. On May 17, 2005, Hertzner filed her initial complaint commencing this case. There is no record evidence that the May 17th complaint was served. Rather, the case docket evidences that Plaintiff filed her Amended Complaint (*i.e.*, the Complaint subject to the instant Motion to Dismiss) on June 30, 2005.[1]

The case docket contains a July 19, 2005 entry for a "SUMMONS Returned Executed" (*see* doc. #3) and a July 20, 2005 entry for a "SUMMONS Returned Executed" (*see* doc. #4). Document #3 is an Affidavit of Service purporting service of Plaintiff's Amended Complaint, together with a Summons, on Defendants Kitson and Smith on July 19, 2005, at the Farmingdale Postal Service building located at 318 Main Street in Farmingdale, New York. Document #4 is actually two Affidavits of Service purporting service of Plaintiff's Amended Complaint with the corresponding Summons on (1) the United States Postal Service and (2) on Postmaster General John E. Potter, both at 475 L'Enfant Plaza, SW, Washington, D.C. These affidavits indicate service on July 14, 2005. (*See* doc. #4.)

Further, the Court takes judicial notice of the following facts. In May 1999 and represented by her current counsel, Plaintiff filed a prior employment discrimination case against the then-Postmaster General, the USPS, the Equal Employment Office of the USPS, the Farmingdale post office postmaster and a supervisor, as well as five employees of the Farmingdale post office. *See Hertzner v. Henderson*, No. 99-CV-2544 (JM) (E.D.N.Y. 1999)

---

[1] The Court takes judicial notice of the filing of the Amended Complaint on June 30, 2005.

(hereinafter, "*Hertzner I*"). In addition to a cause of action under Title VII, Plaintiff alleged causes of action under § 1983 and under various New York State statutory and common laws. All defendants moved to dismiss Hertzner's 1999 complaint with prejudice except for her Title VII cause of action against then U.S. Postmaster General Henderson. Plaintiff opposed the dismissal motion and cross moved to amend her 1999 compliant and to be able to cure service defects. In a February 14, 2000, Memorandum of Decision and Order, Judge Mishler determined that: (1) pursuant to 42 U.S.C. § 2000e-16c, the court lacked subject jurisdiction over the individual defendants and Hertzner "concede[d] that the joinder of the individual defendants was inappropriate," *Hertzner I*, slip op. at 2-3 (E.D.N.Y. Feb. 14, 2000), and (2) pursuant to Federal Rules of Civil Procedure 4(I) and 4(m), "[s]ervice of process was not made on the Postmaster General," *id.* at 3-5. The court stated: "In the instant case, the plaintiff's failure to make proper service occurred as a result of the plaintiff's counsel's error. This does not constitute a justifiable excuse for the failure to make proper service." *Id.* at 7. The court also found the Government "did not mislead the plaintiff or act improperly." *Id.* Thus, the court denied Hertzner's complaint in its entirety and with prejudice. *See id.* at 8.

## II. DISCUSSION

### A. *Rule 12(b)(5) Motion to Dismiss Standard of Review*

Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), "the Court must first address the preliminary questions of service and personal jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("logic compel[s] initial consideration of the issue

of jurisdiction over the defendant–a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim")). Where a court is presented with a Rule 12(b)(5) dismissal motion arguing insufficiency of process, "' a Court must look to matters outside the complaint to determine whether it has jurisdiction.'" *Id.* (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). "'Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process.'" *Id.* (quoting *Howard v. Klynveld Peat Mrwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 855 (2d Cir. 1999). When a defendant makes a Rule 12(b)(5) motion, it is the plaintiff's burden of proof to establish its service of process was adequate. *See Preston v. New York*, 233 F. Supp. 2d 452, 466 (S.D.N.Y. 2002).

### B. *Rule 12(b)(6) Motion to Dismiss Standard of Review*

When presented with a Rule 12(b)(6) motion to dismiss, a court must accept as true all facts alleged by the plaintiff in his complaint. *Twombly*, 425 F.3d at 106. Likewise, the court must draw all inferences in favor of the plaintiff. *Id.*; *see also Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999) ("In ruling on [a motion for dismissal], the court is to look only to the allegations of the complaint and any documents attached to or incorporated by reference in the complaint to assume all well-pleaded factual allegations to be true, and to view all reasonable inferences that can be drawn from such allegations and documents in the light most favorable to the plaintiff.") (internal citations omitted). "A complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Todd v. Exxon*, 275 F.3d at 197) (further citation omitted). Yet, "[a] plaintiff must allege . . . those facts

*necessary* to a finding of liability." *Armon v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005)) (emphasis in original). "At the pleading stage . . . the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (citation, brackets, and internal quotation marks omitted)) (ellipses in *Twombly*).

### C. The Instant Motion to Dismiss Pursuant to Rule 12(b)(5)

Since the Moving Defendants moved for dismissal pursuant to Rules 12(b)(5) and (6), the Court will first address the issue of service, *i.e.*, Moving Defendants' Rule 12(b)(5) arguments. As the plaintiff herein and in order to defeat the Moving Defendants' Motion to Dismiss, it is Hertzner's burden of proof to establish that her service of process was proper and timely. To do so, Hertzner must show she has satisfied the requirements of both Rule (4)(i) and Rule (4)(m).

#### 1. Rule (4)(i)

Since one of the Moving Defendants is an agency of the United States (*i.e.*, the USPS) and the other Moving Defendant is an Officer of the United States (*i.e.*, Postmaster General Potter), Federal Rule of Civil Procedure 4(i)(1) applies. That Rule reads:

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail

    addressed to the civil process clerk at the office of the United
    States attorney *and*

    (B) *by also* sending a copy of the summons and of the
    complaint by registered or certified mail to the Attorney General of
    the United States at Washington, District of Columbia

    . . .

Fed. R. Civ. P. 4(i)(1)(A) and (B) (emphasis added). Looking to matters outside of Plaintiff's Amended Complaint to determine if Hertzner has met her burden of establishing service on the proper parties as required by the Federal Rules, the Court finds she has failed to meet her burden. Indeed, Plaintiff offers no competent evidence that overcomes the Declaration submitted by the Moving Defendants. *See Mende*, 269 F. Supp. 2d at 251 (requiring more than conclusory statements to overcome defendant's sworn affidavit that he was never served with process).

  The Moving Defendants submit the Declaration of Assistant U.S. Attorney James H. Knapp, of counsel to Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York. Knapp's Declaration supports the Moving Defendants' position that the proper parties–*i.e.*, the U.S. Attorney's Office for the Eastern District of New York and the U.S. Attorney General–were never properly served with process. (*See* Knapp Decl., doc. #20.) Made pursuant to 28 U.S.C. § 1746, Knapp's Declaration states that Plaintiff's Amended Complaint was received by the Eastern District U.S. Attorney's Office on August 23, 2005, *via facsimile from the USPS*. (*See id.* at ¶ 2.) Mistakenly believing the Amended Complaint had been properly served on the Eastern District U.S. Attorney's Office, Knapp contacted Plaintiff's counsel to discuss a possible extension to reply to the Amended Complaint. (*See id.* at ¶ 3.) However, Knapp "subsequently learned that plaintiff had in fact failed to properly serve either the initial complaint or the amended complaint on the [U.S. Attorney's Office]." (*Id.* at ¶ 4.) In

a follow-up telephone conversation on August 23rd with Plaintiff's counsel, "plaintiff's counsel, knowing that the amended complaint had not been served on the [Eastern District U.S. Attorney's Office], requested that, in exchange for plaintiff's consent to an extension of time . . . defendants waive all jurisdictional defenses." (*Id.* at ¶ 5.) Knapp "declined to waive defendants' jurisdictional defenses based on plaintiff's service deficiency and *advised plaintiff's counsel that the [Eastern District U.S. Attorney's Office] had not been served with plaintiff's amended complaint*." (*Id.* (emphasis added).) Despite being so advised, Plaintiff's attorney called Knapp at the end of September 2005 to inquire about the status of the Defendants' responsive pleading to the Amended Complaint. (*See id.* at ¶ 7.) In response, Knapp "*again advised plaintiff's counsel* that the [Eastern District U.S. Attorney's Office] had not been served with plaintiff's amended complaint." (*Id.* at ¶ 8 (emphasis added).) The Eastern District U.S. Attorney's Office was not served with plaintiff's Amended Complaint until October 4, 2005 (*see id.* at ¶ 9), and the U.S. Attorney General was not served with Plaintiff's Amended Complaint until October 6, 2005 (*see* doc. # 6, Affidavit of Service). Thus, the evidence before the Court demonstrates that service of Plaintiff's Amended Complaint and the Summons was not properly effected since it was not made upon the U.S. Attorney for the Eastern District of New York and the U.S. Attorney General within the time limitation of Rule 4(m).

### 2. Rule 4(m)

Not only must Hertzner demonstrate that she served the proper parties as required by Rule 4(i), she must also establish that her service of the Summons and of her Amended Complaint on those parties was timely. Federal Rule of Civil Procedure 4(m) is the applicable rule for determining timeliness of service:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

      (a)    *Within Rule 4(m)'s 120-day Limitation*

Again, it is the Plaintiff's burden of proof to demonstrate timely service. Here, Plaintiff commenced her action on May 17, 2005; that means she was required to effect service on the U.S. Attorney for the Eastern District of New York and on the U.S. Attorney General on or before September 14, 2005. Yet, the record is devoid of any competent evidence from Plaintiff showing that her service on the Eastern District U.S. Attorney's Office or on the Attorney General was made by that date. *See Mende*, 269 F. Supp. 2d at 251 (requiring more than conclusory statements to overcome defendant's sworn affidavit that he was never served with process). In contrast, the Moving Defendants submit Knapp's Declaration that supports their position that Plaintiff's service of process was effected outside Rule 4(m)'s 120-day limit. Indeed, the record shows that the Eastern District U.S. Attorney's Office was not served with Plaintiff's Amended Complaint until October 4, 2005 (*see id.* at ¶ 9), and the U.S. Attorney General was not served with Plaintiff's Amended Complaint until October 6, 2005 (*see* doc. # 6, Affidavit of Service). Thus, the evidence before the Court demonstrates that service of Plaintiff's Amended Complaint and the Summons was eventually made on the proper parties, but beyond Rule 4(m)'s 120-day time limit.

(b) *"Good Cause Shown" Extension*

In her Opposition Memorandum, Plaintiff appears to conflate Rule 4(m)'s mandatory "good cause shown" extension, *see* Rule 4(m) ("if the plaintiff shows good cause for the failure, the court *shall* extend the time for service" (emphasis added)), with a court's discretionary power to extend the time for service "even if there is no good cause shown," *id.* advisory committee's notes ("Relief *may* be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.") (emphasis added). Indeed, Plaintiff argues that the Court should use its discretion to allow late service of the Amended Complaint and Summons because she has provided "good cause shown". (*See* Pl.'s Opp'n Mem. at 9.) However, the Court will examine Plaintiff's "good cause shown" argument separately from her argument for a discretionary extension.

Plaintiff's counsel asserts–albeit in Hertzner's opposition papers–that he was on vacation when Attorney Knapp called his office on August 23rd. However, while on vacation, Plaintiff's counsel gave instructions to his office "to serve the office of the U.S. Attorney and the office of the Post Master General." (*Id.* at 9.)[2] He believed this was done. Thereafter, upon his return to the office on September 6, 2005, and up to and including September 28, 2005, Plaintiff's counsel was involved in two other trials. Thus, "during the entire month of September, Mr. Brewington's office was heavily engaged in trial and trial preparation, including numerous Court appearances

---

[2] The Court notes that even if counsel's office had effected service as directed by counsel, it would still not be proper under the Federal Rules since Rule 4(i) requires the appropriate U.S. Attorney Office to be served (here, the U.S. Attorney Office for the Eastern District of New York) and the U.S. Attorney General be served, *not* the Office of the Postmaster General.

-11-

in both the State and Federal Courts, which will account for *the oversight* in following up the service upon the U.S. Attorney and Post Master General's Offices." (*Id.* at 10 (emphasis added).) On this basis and in her opposition papers, Plaintiff "request[s] that service of the Summons and Complaint be deemed *nunc pro tunc*." (*Id.*)

Juxtaposing Plaintiff's argument against the case law she relies upon, *Reese v. University of Rochester*, No. 04-CV-6117 (FE), 2005 WL 1458632 (W.D.N.Y. June 25, 2005),[3] Plaintiff has failed to show good cause requiring the granting of an extension. In *Reese*, plaintiff's attorney delivered copies of the summons and complaint to a process server approximately two months *before* her Rule 4(m) 120-day deadline. The process server "experienced several incidents which prevented him from effecting service upon defendant, including a broken foot and emergency surgery." *Id.* at *1. The process server did not affect service until 17 days after the Rule 4(m) deadline. *See id.* As the *Reese* court stated: "Good cause will not be found where, as is the case here, the omission is the product of an attorney's inadvertence, neglect, mistake or misplaced reliance." *Id.* (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991)). This was because plaintiff's attorney "failed to follow up to ensure that [the summons and complaint] had been served." *Id.* at *2. In other words, counsel's "misplaced reliance on the process server [was] insufficient to demonstrate good cause which would warrant extending plaintiff's time to serve defendant." *Id.*

---

[3] Plaintiff also cites the following cases in support of her argument that she employed due diligence in effecting service on the Moving Defendants: *Sleigh v. Charlex, Inc.*, No. 03-CV-1329, 2004 WL 2126742 (S.D.N.Y. Sept. 14, 2004); *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343 (S.D.N.Y. 1996); *Beauvoir v. U. S. Secret Service*, No. 05-CV-2819, 2006 WL 628758 (E.D.N.Y. June 200, 2005); and, *Spinale v. United States*, No. 03-CV-1704, 2005 WL 659150 (S.D.N.Y. Mar. 16, 2005).

The same is true here: It was the attorney's inadvertence, neglect, mistake or misplaced reliance that resulted in service not being effected in a timely manner. In short, Plaintiff has not met his burden of establishing good cause to warrant an extension of Rule 4(m)'s 120-day deadline. *See, e.g., Carroll v. Certified Moving & Storage, Co., LLC*, No. 04-CV-4446 (ARR), 2005 WL 1711184, *2 (E.D.N.Y. July 19, 2005) (collecting cases).

(c) *Discretionary Extension*

Plaintiff also argues that if good cause is not found to allow Plaintiff to untimely serve the Amended Complaint and Summons, the Court may still, in its discretion, extend Plaintiff's time to serve. (*See id.* at 10-11.) Plaintiff continues her reliance on *Reese* to support this alternative argument.

While the *Reese* court found the plaintiff was "unable to establish good cause for her failure to timely serve defendant," it did find that she was "entitled to a discretionary extension." *Reese*, 2005 WL 1458632, at *1. In making this determination, the court considered four factors:

> whether: (1) any applicable statutes of limitations would bar the action once refiled; (2) the defendant had actual notice of the claims asserted in the complaint; (3) defendant attempted to conceal the defect in service; and (4) defendant would be prejudiced by extending plaintiff's time for service.

*Id.* (citing *Sleigh v. Charles, Inc.*, 2004 WL 2126742, *5 (S.D.N.Y. 2004)); *cf.* Fed. R. Civ. P. 4(m) advisory committee's notes ("Relief *may* be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." (emphasis added)); *Carroll*, 2005 WL 1711184, *2 (noting the factors identified by the Advisory Committee are not exhaustive). Finding the first and fourth

-13-

factors relevant (*i.e.*, the applicable statute of limitation would have run, and defendants would suffer little prejudice), the *Reese* court found a discretionary extension of time warranted. *See id.*

The Court now considers whether a discretionary extension is warranted in this case. First, Plaintiff filed her initial complaint on the 90th day from receipt of her "Right to Sue" letter from the EEOC. (*Cf.* Pl.'s Amended Compl. at ¶ 6 (stating "On February 16, 2005, Plaintiff received a Notice of Right to Sue Within 90 Days . . ."), *with* Docket Entry #1 (Complaint, dated May 17, 2005).) There were no remaining days within which to commence this case; thus, Plaintiff's action will be time barred upon refiling. This factor generally weighs in favor of a plaintiff. *See Beauvoir*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (citing *Carroll*, 2005 WL 1711184, at *2). Second, it is undisputed that the Eastern District U.S. Attorney's Office had actual notice of Plaintiff's claims since it received a copy of the summons and complaint, via facsimile, from the USPS before the expiration of Rule 4(m)'s 120-day deadline and before service was effected upon them in early October 2005. However, there is no indication in the record that the Attorney General had any notice of Plaintiff's Amended Compliant until service upon him in early October 2005. These two situations appear to cancel each other out, making this factor a neutral one. Third, the U.S. Attorney informed Plaintiff's counsel on August 23, 2005–and before the expiration of Rule 4(m)'s 120-day limitation–that, despite receipt of the faxed copy of the Summons and Amended Complaint, service had not been effected upon the Moving Defendants. (*See* Knapp Decl. at ¶¶ 4-5.) In fact, Moving Defendants affirmatively informed Plaintiff's counsel that they would not waive any jurisdictional defenses and "advised plaintiff's counsel that the [Eastern District of New York U.S. Attorney's Office] had not been served with plaintiff's amended complaint." (*Id.* at ¶ 6.). Thus, there was no concealment by the Moving

Defendants of Plaintiff's service defect. This factor weighs against Plaintiff. Fourth, there is no indication that the Moving Defendants would be prejudiced by extending Plaintiff's time for service. This is another factor favoring Plaintiff's argument for a discretionary extension.

Yet, as the Moving Defendants correctly notes, Plaintiff "points to absolutely no attempts to effect service on the [U.S. Attorney for the Eastern District of New York] and the [U.S. Attorney General] within the 120-day time limit under Rule 4(m)." (Moving Defs.' Reply Mem. at 5 (doc. #22).) Indeed, when Attorney Knapp advised Plaintiff's counsel that the Eastern District U.S. Attorney's Office had not been served, three weeks remained on Plaintiff's Rule 4(m) 120-day deadline. Counsel's assertion in Plaintiff's opposition papers aside (*i.e.*, that while on his vacation, he instructed his office "to serve the office of the U.S. Attorney and the office of the Post Master General" (Pl.s' Opp'n Mem. at 9)[4]), there is no competent evidence that counsel attempted to effect service on the proper parties before expiration of Rule 4(m)'s 120-day deadline. This is in contrast to those cases relied upon by Plaintiff wherein courts granted discretionary extensions.[5] Furthermore, upon his return from vacation, Plaintiff's counsel still

---

[4] *See supra* note 2.

[5] In *Reese*, plaintiff's attorney delivered the summons and complaint to the process server *before* the expiration of Rule 4(m)'s 120-day time limit. 2005 WL 1458632, *1 (granting discretionary extension). The same was true in *Carroll*: The plaintiff's summons and complaint was delivered to a process server for service *before* the expiration of Rule 4(m)'s 120-day time limit. 2005 WL 1711184, *1 (granting discretionary extension). A slightly different fact scenario occurred in *Mejia*: Incorrect papers were delivered by plaintiff's attorney to a process server for service, but *before* the expiration of Rule 4(m)'s 120-day time limit; the mistake was rectified within five days of discovery, although after the 120-day deadline. 164 F.R.D. at 345. In *Sleigh*, the Court would not grant a discretionary extension under Rule 4(m) as to those defendants on whom the plaintiff made no attempt to serve. 2004 WL 2126742, *5. It is unclear from the court's opinion in *Beauvoir* when plaintiff's counsel delivered papers to the process server to effect service; however, Beauvoir's attorney submitted an affidavit in opposition to dismissal that stated, because of its inexperience with federal litigation, counsel detrimentally

had a week within which to effect service. The fact that counsel was actively engaged in litigation of other cases does not excuse him from inquiring as to the status of service in the instant case. (Certainly, this was a task that could have been delegated to a staff member.) At the very least, time remained to make a timely request of the Court for an extension. Yet, there is no evidence that such a request was made as to the Moving Defendants.

Moreover, the Court notes that Hertzner's first action against the Postal Service, *et al.*, alleging employment discrimination was dismissed for failure to serve the U.S. Attorney and the Attorney General within Rule 4(m)'s 120-day deadline. *See Hertzner I*, No. 99-CV-2544 (JM), slip op. (E.D.N.Y. Feb. 14, 2000).[6] This additional factor tips the scale of equities against the granting of a discretionary extension in the present case. If the Federal Rules did not so provide, certainly Judge Mishler's Memorandum of Decision in *Hertzner I* provided Plaintiff's attorney with a clear roadmap as to service required in this case: Counsel was required to effect service on both the U.S. Attorney and the Attorney General within 120 days of the filing of Plaintiff's complaint. Yet, Plaintiff's counsel failed to do so. Thus, here, the Court declines to use its discretionary authority to extend Plaintiff's time to effect service on the Moving Defendants.

---

relied upon the process server to properly effectuate service. 234 F.R.D. at 57 (granting discretionary extension).

[6] One would think that this prior dismissal would prompt Plaintiff's counsel to be hyper-vigilant in ensuring timely, proper service in the present case. Unfortunately, the evidence connotes otherwise.

### D. The Instant Motion to Dismiss Pursuant to Rule 12(b)(6)

Since the Plaintiff has failed to meet her burden of showing that the Court has jurisdiction over the Moving Defendants, the Court has no jurisdiction over the Moving Defendants. In turn, without such jurisdiction, the Court "lacks power to dismiss [the C]omplaint for failure to state a claim." *Arrowsmith*, 320 F.2d at 221. Thus, the Court does not consider the Moving Defendants' Rule 12(b)(6) arguments.[7]

## CONCLUSION

For the foregoing reasons, the Moving Defendants' Motion to Dismiss (doc. #18) is GRANTED; Plaintiff's Amended Complaint against the Moving Defendants is dismissed with prejudice.

It is FURTHER ORDERED that the individual defendants, Kitson and Smith, shall serve an answer or other responsive pleading within 20 days of the date of this Order.

**SO ORDERED**.

Dated: Central Islip, New York  
      March 20, 2007

/s/  
Denis R. Hurley,  
United States Senior District Judge

---

[7] The Court notes that the Moving Defendants argued for dismissal pursuant to Rule 12(b)(6) on behalf of themselves, *as well as* for the individual defendants, Kitson and Smith. Because it lacks jurisdiction over the Moving Defendants, the Court cannot consider these arguments as to the Moving Defendants. Similarly, since the Eastern District U.S. Attorney's Office "does not presently have authorization to represent the individual defendants Richard Kitson and Jeff Smith," (Moving Defs.' Mem. Supp. Mot. Dismiss at 2, n.1), the Court declines to consider the Rule 12(b)(6) arguments advanced on behalf of Kitson and Smith by the Moving Defendants.